UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY M. DOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1113 ERW |
| | ) (AGF) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is on appeal for review of an adverse ruling by the Social Security Administration. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition. Presently pending before the Court is Defendant's Motion to Dismiss (Doc. #9), in which Defendant contends that this action must be dismissed inasmuch as it was untimely filed. Plaintiff has not responded to the motion and the time for doing so has passed.

**I. Procedural History**

On May 12, 2006, plaintiff Larry M. Dooley protectively filed an application for Disability Insurance Benefits pursuant to Title II, 42 U.S.C. §§ 401, et seq.; and an application for Supplemental Security Income pursuant to Title XVI, 42 U.S.C. §§ 1381, et seq., in which he claimed that he became disabled and unable to work beginning August

15, 2005. On initial consideration, the Social Security Administration denied Plaintiff's applications for benefits. On December 20, 2007, a hearing was held before an Administrative Law Judge (ALJ). (Deft.'s Mot. Dism., Exh. 1.) On January 24, 2008, the ALJ issued a decision denying Plaintiff's claims for benefits. (Id.; Pltf.'s Compl.) On May 23, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Deft.'s Mot. Dism., Exh. 2; Pltf.'s Compl.) The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g). On July 29, 2008, Plaintiff filed the instant cause of action seeking judicial review of the Commissioner's final decision.

## II. Motion to Dismiss

In his Motion to Dismiss, Defendant argues that Plaintiff's appeal of the Commissioner's final decision must be dismissed inasmuch as it was untimely filed. For the following reasons, Defendant's argument is well taken.

Title 42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner in Social Security matters. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The promulgated regulations provide that a civil action under § 405(g) "must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.'" Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (*per curiam*) (quoting 20

C.F.R. § 422.210(c)); see also 20 C.F.R. §§ 404.981, 416.1481. The regulations further provide that the date the individual receives notice is presumed to be five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); see also 20 C.F.R. §§ 404.901, 416.1401.

The sixty-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citing Mathews v. Eldridge, 424 U.S. 319, 328 n.9 (1976); Weinberger v. Salfi, 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. It is well established that, in the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. See generally Bess, 337 F.3d 988; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (*per curiam*).

In this cause, the Appeals Council denied Plaintiff's request for review of the ALJ's decision and notified Plaintiff of such denial in a Notice of Decision dated May 23, 2008. (Deft.'s Mot. Dism., Exh. 2.) The law presumes that Plaintiff received this Notice within five days after its issuance, that is, not later than May 28, 2008.[1] Plaintiff has made no showing to the contrary. Accordingly, Plaintiff had sixty days from May 28, 2008, that is, through July 27, 2008, by which to bring a civil action seeking judicial review of the Commissioner's final decision. Inasmuch as July 27, 2008, was a Sunday, Plaintiff had until

---

[1]May 28, 2008, was a Wednesday.

the end of the day on Monday, July 28, 2008, by which to file his action. Fed. R. Civ. P. 6(a)(3). The instant cause was filed on July 29, 2008. Plaintiff did not seek an extension of time from the Commissioner to file a civil action. (Deft.'s Mot. Dism., Exh. 3.) As such, the instant cause of action is untimely.

As noted above, equitable tolling of the sixty-day limitation is allowed "in some cases," City of New York, 476 U.S. at 480, and specifically in those cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Id. (quoting Eldridge, 424 U.S. at 330). The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994); Turner, 862 F.2d at 710 (citing Smith v. McClammy, 740 F.2d 925, 927 (11th Cir.1984)). Equitable relief, however, is typically extended "only sparingly." Medellin, 23 F.3d at 204. Plaintiff did not respond to Defendant's Motion to Dismiss and thus provides no argument or evidence demonstrating that equitable tolling applies in this case.

Inasmuch as the evidence before the Court shows the instant civil action to be untimely filed under 42 U.S.C. § 405(g), and Plaintiff has failed to show that circumstances exist to justify equitable tolling, the instant cause of action should be dismissed.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Doc. #9) be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice as untimely.

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of April, 2009.